**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUIZ FOOD PRODUCTS, INC., a California Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>CATLIN UNDERWRITING U.S., INC.; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. PCI937441010, and DOES 1-200, inclusive,<br><br>            Defendants. | 1:11-cv-00889 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS<br><br>(DOCS. 7, 10) |

## I. INTRODUCTION

Plaintiff Ruiz Food Products, Inc. ("Plaintiff") proceeds with this action against Catlin Underwriting U.S., Inc. ("Catlin Underwriting") and Certain Underwriters at Lloyd's of London subscribing to policy no. PCI937441010 ("Catlin Syndicate") (together, "Defendants") arising from the denial of Plaintiff's insurance claim.

Before the court are: (1) Catlin Underwriting's motion to dismiss (Doc. 6) and (2) Catlin Syndicate's motion to dismiss (Doc. 10). Plaintiff stipulates to the dismissal of Catlin Underwriting without prejudice (Doc. 20, 2 n.1) and filed an opposition to Catlin Syndicate's motion to dismiss (Doc. 20), to which Catlin Syndicate replied (Doc. 21). The motions were heard August 1, 2011.

1

## II. BACKGROUND

Plaintiff produces Mexican style food products for sale in retail and wholesale grocery stores (Doc. 2, Ex. 2, ¶ 2), including Tornado Ranchero Beef & Cheese, a ready to eat beef product. *Id.* at ¶ 9. During production Plaintiff uses beef bouillon, an additive that contains hydrolyzed vegetable protein ("HVP") produced by Basic Food Flavors, Inc. ("Basic Food"). *Id.*

In March 2010, Plaintiff was required to recall its Tornado Ranchero Beef & Cheese product due to concerns of Salmonella contamination of the HPV used in its production. *Id.* at ¶ 10. Testing for HPV on the production line at the food processing facility resulted in positive findings of Salmonella. *Id.* The U.S. Department of Agriculture's Food Safety and Inspection Service ("FSIS") issued a recall notice for products containing HVP produced by Basic Food Flavors, Inc. *Id.* at ¶ 11. As a result of the recall, Plaintiff alleges that it expended substantial sums to refund customers; incurred expense and costs related to the recall; incurred costs for rehabilitation of the product; and sustained substantial damages due to a decrease in the sale of Tornados products. *Id.* at ¶ 15.

Catlin Syndicate issued Plaintiff a Product Contamination Insurance Policy Number PCI937441010, effective October 1, 2009 to October 1, 2010 ("Policy"). *Id.* at ¶ 16. Plaintiff alleges that it made timely payments of all premiums on the Policy. *Id.*

at ¶ 17.

Section 1.1 of the Policy provides in pertinent part:

1.   INSURED EVENT

The Insurers will reimburse the Insured for its Loss excess of the applicable Self Insured retention, but not exceeding the limits of liability stated in Item 4 of the declaration, caused by or resulting from any of the following Insured events first discovered during the Policy Period and reported to the Insurers in accordance with Condition 5.21 Notice of Loss, during the Policy Period . . .

    1.1 Accidental Contamination. Any accidental or unintentional contamination, impairment or mislabeling of an Insured product(s), which occurs during or as a result of its production, preparation, manufacture, packaging or distribution; provided that the use or consumption of such insured product(s):

        (i)  has resulted or would result in clearly identifiable internal or external physical symptoms of bodily injury, sickness, disease, or death of any person(s) within one hundred and twenty (120) days following such consumption or use or

        (ii) has caused or would cause physical damage to or destruction of tangible property other than damage to or destruction of insured product.

*Id.* at ¶ 19.

Plaintiff alleges that it provided notice of the product recall due to Salmonella contamination to Defendants on or about March 10, 2010. *Id.* at ¶ 20. Thereafter, Plaintiff provided information to Defendants concerning the product recall, possible Salmonella contamination, and costs incurred to address the contamination and damages. Plaintiff also advised Defendants that a lawsuit had been filed in Tennessee that alleged personal injuries, including bacterial infection, as the result of

3

consumption of Plaintiff's recalled product. *Id.* at ¶ 21. On or about March 23, 2011, Defendants denied Plaintiff's claim. *Id.* at ¶ 22.

Plaintiff filed a Complaint against Defendants in the Superior Court of California, County of Tulare on April 14, 2011, asserting claims for: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and (3) declaratory relief. Doc. 2, Ex. 2. Defendants removed the lawsuit to this court on June 1, 2011. Doc. 2.

### III. <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A complaint does not need detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss, the court should assume the veracity of "well-pleaded factual allegations," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]'

devoid of 'further factual enhancement'" are also insufficient. *Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 127 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

The Ninth Circuit summarizes the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(quotations omitted).

If a district court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss must be converted to

a Rule 56 motion for summary judgment, and the nonmoving party must be given an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. DISCUSSION

Catlin Syndicate moves to dismiss the Complaint on the grounds that Plaintiff did not plead a condition precedent to insurance coverage under the Policy: that Plaintiff provided proof to Catlin Syndicate that it satisfied the $500,000 Self Insured Retention ("SIR"), and that it requested reimbursement for sums spent in excess of this amount. Catlin Syndicate contends that without this allegation, no coverage can attach as a matter of law, and Catlin Syndicate has not breached the Policy. Catlin Syndicate's argument is based on the following Policy language: "The Insurers will reimburse the Insured for its Loss <u>excess of the applicable Self-Insured Retention</u> . . . caused by or resulting from any of the following Insured events . . ." Complaint ¶ 19 (emphasis added).

Plaintiff rejoins that the SIR provision is not a condition precedent for coverage, but a deduction from recoverable damages. Plaintiff further argues that even if the SIR provision is a

condition precedent, under Federal Rule of Civil Procedure 9(c), it is not necessary to specifically allege compliance with a condition precedent.

Rule 9(c) of the Federal Rules of Civil Procedure provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). In *Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1123-1124 (9th Cir. 1998), the Ninth Circuit held that allegations that an insurance policy was in "full force and effect" were sufficient, without allegations that plaintiff had signed a waiver as requested under the insurance policy. *Kiernan* explained that for the policy to be in "full force and effect," plaintiff "must have satisfied all of the conditions precedent," and that "[t]his general statement is an adequate averment under the loose guidelines of Rule 9(c)." *Id.* at 1124. "Neither Rule 9(c) nor Rule 8(a)(2)[1] expressly requires that the performance or occurrence of conditions precedent be pled at all by a claimant." *Id.* (quoting 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 9.04[1] (3d ed. 1997).

Here, Paragraph 22 of the Complaint alleges that Defendant "refused to pay benefits owed pursuant to the subject insurance

---

[1] Federal Rule of Civil Procedure § 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . .."

7

policy to Plaintiff." Doc. 2, Ex. 2, ¶ 22. Paragraph 26 of the Complaint alleges:

> Plaintiff has performed all obligations required of it to be performed under the terms of the Policy, except as excused as a result of Defendant's material breach of the terms and conditions of the Policy.

*Id.* at ¶ 26. These general allegations of full performance by Plaintiff subsume performance of the condition that Plaintiff paid the first $500,000 of loss. Rule 9(c) is satisfied. Plaintiff's allegations of damages in excess of the SIR limit puts Plaintiff to the burden of proof of actual losses in excess of the $500,000 that are eligible for indemnification.

Despite Rule 9(c) and *Kiernan*, Catlin Syndicate contends that Rule 9(c) does not apply in all circumstances, and Plaintiff must allege and prove satisfaction of the Policy's SIR. Catlin Syndicate discusses a non-precedential, non-binding Fourth Circuit case, *Holley Coal Co. v. Globe Indemnity Co.*, 186 F.2d 291 (4th Cir. 1951), which cites Rule 9(c) after the following statement:

> The bond seems to expressly provide that Holley Company must show as a condition precedent to recovery that the loss was not attributable to those persons excepted in the bond. Such a showing would thus become a part of Holley Company's case (not an affirmative defense), to be pleaded and proved by it.

*Holley Coal*, 186 F.2d at 294. Contrary to Catlin Syndicate's argument, *Holley Coal* did not create or recognize an exception to Rule 9(c)'s liberal pleading requirements for conditions

8

1  precedent. Catlin Syndicate also cites a Tenth Circuit case,
2  *Montes v. Vail Clinic*, 497 F.3d 1160, 1167 (10th Cir. 2007), which
3  holds that Title VII's time limit for filing administrative
4  charges with the Equal Employment Opportunity Commission is a
5  condition precedent that must be satisfied before filing suit.
6  Rule 9(c), however, applies to conditions precedent to liability,
7  not procedural requirements that affect jurisdiction. *Wyatt v.*
8  *Terhune*, 315 F.3d 1108, 1119 n.12 (9th Cir. 2003). Most
9  importantly, a district court in the Ninth Circuit must follow
10 the Ninth Circuit's precedent. *Hart v. Massanari*, 266 F.3d 1155,
11 1172-1173 (9th Cir. 2001). Catlin Syndicate's citation of two out
12 of circuit cases does not change the pleading standards set forth
13 in Rules 8(a)(2) and 9(c), confirmed by the Ninth Circuit in
14 *Kiernan*.

     Catlin Syndicate's motion to dismiss is DENIED.

## V. CONCLUSION

For the reasons stated:

1. Catlin Syndicate's motion to dismiss is DENIED.
2. Catlin Underwriting's motion to dismiss is GRANTED without prejudice.
3. Plaintiff shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

**DATED:     August 2, 2011**

                              **/s/ Oliver W. Wanger**
                              **Oliver W. Wanger**
                              **United States District Judge**