UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUIZ FOOD PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:11-CV-00889 BAM |
| | ) | |
| v. | ) | |
| | ) | |
| CATLIN UNDERWRITING, ET AL. | ) | |

Defendant.

## CONFIDENTIALITY AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned, as counsel for the parties to the above-entitled action and Colemont Insurance Brokers of Illinois n/k/a AmWINS Brokerage of Illinois, LLC ("AmWINS"), a non-party to this action, as follows:

1. All documents that are produced by AmWINS pursuant to a non-party subpoena in this action are designated "AmWINS Confidential Documents" and shall be used only for purposes of this case and only as provided herein.

2. Except as provided herein, the contents of AmWINS Confidential Documents shall not, without leave of the Court, be communicated in any way to anyone other than this Court (under seal if possible), the parties in this action and their counsel in this action provided such parties and/or their counsel have executed this Agreement. Each party in this action and its counsel shall be advised of and bound by the terms of this Agreement.

3. Communication of the contents of AmWINS Confidential Documents to (a) persons who are assisting counsel in the preparation and trial of this action, (b) persons who may be called upon by counsel to testify in this action with respect to AmWINS Confidential Documents or information contained therein, or (c) re-insurers and

auditors, shall be permitted provided that, before obtaining access to such documents or information, each such person shall be shown a copy of this Agreement and agree in writing to be bound by the terms thereof.

4. Attendance at depositions taken in this action at which AmWINS Confidential Documents or any information contained therein is identified, discussed or disclosed shall be limited to the deposition notary, the witness, counsel for the witness, counsel for the parties and any representatives of parties who have agreed in writing to be bound by the terms of this Agreement. If any AmWINS Confidential Documents are to be used during the deposition in this action of non-AmWINS's officers or employers, the deponent shall be requested to acknowledge on the record that he or she is aware of and agrees to be bound by the terms of this Agreement. This provision shall not apply to the use of documents with employees or former employees of a party who are authors of those documents, if such witnesses refuse to agree to be bound by this Agreement. Deposition transcripts, or those portions thereof, that contain testimony regarding AmWINS Confidential Documents shall be marked and treated as confidential pursuant to this Agreement.

5. Nothing contained in this Agreement shall restrict or otherwise limit the use of any AmWINS Confidential Documents that were obtained from a source or in a manner not subject to this Agreement.

6. It shall not be deemed a violation of this Agreement for counsel to disseminate AmWINS Confidential Documents to other counsel in this case as part of their filings with the Court, provided that all other counsel in this case have executed this Confidentiality Agreement. All filings containing AmWINS Confidential Documents shall remain subject to the provisions of this Agreement, and shall retain any confidential status, notwithstanding their filing or dissemination to counsel.

7. If any of the parties to this action are litigants in subsequent litigation, and wish to use

any of the AmWINS Confidential Documents to be produced herein in such subsequent litigation, they may do so on the following condition: first, a proper subpoena must be served upon AmWINS (and upon all other parties to such subsequent litigation) requesting the production of such documents in that subsequent litigation; and second, all parties to such subsequent litigation must agree in writing to abide by the terms of this Confidentiality Agreement (or its substantial equivalent in that case), or the court in the other litigation has entered a substantially equivalent protective Agreement binding all parties to that proceeding, or has specifically ruled that disclosure outside of a protective Agreement is proper.

8. Except as provided herein, the parties hereto agree to take no action that would have the effect of limiting, waiving or jeopardizing AmWINS's claim of confidentiality, in this matter or otherwise, without AmWINS's express prior permission. To the extent not already addressed herein, this shall include, but not be limited to, responses to any request from others for access to or copies of AmWINS Confidential Documents.

9. Upon the final conclusion of this action (including all appeals), and subject to further Agreement of this court or written agreement with AmWINS, all copies of AmWINS Confidential Documents (including exhibits and testimony regarding such documents) shall be returned to AmWINS or destroyed, or maintained under the terms of this Protective Agreement, at the election of AmWINS.

10. The following categories of documents shall not be subject to the confidentiality restrictions of this protective Agreement, even though they may otherwise have been marked or stamped "Confidential" by AmWINS.

   (a) Third-party documents contained in AmWINS's files but clearly in a publicly-released form, such as newspaper or trade journal articles;

   (b) Documents (in final form) actually published, released or presented by AmWINS in a public forum; provided, however, that where such documents were released

      by AmWINS to the public under the protection of applicable copyright or trademark laws, the same shall be subject to whatever restrictions may be imposed under those laws; and

      (c) Documents (in final form) actually filed with any state of federal regulatory authority or agency, subject to any confidentiality or other restrictions regarding distribution or use of such documents which may be imposed by the relevant authority or agency. However, to the extent that any documents described in Paragraph 10(a) through (c) contains significant marginalia, handwritten comments, attachments or other indication that the document is or may not be in its original or final form as published or released, then such documents shall be considered and treated as confidential pursuant to the Agreement.

11. Any party to this suit may request, and AmWINS may agree, that the provisions of this Agreement be waived as to one or more of the AmWINS Confidential Documents.

12. This Agreement is without prejudice to the right of AmWINS or to the right of any party, upon not less than ten (10) days notice to all parties and to AmWINS, to move this Court for a modification, supplementation or termination of its terms.

13. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim or privilege or protection including, but not limited to, the attorney/client privilege and the protection afforded to work product materials or the subject matter thereof. Upon receiving notice from AmWINS that such materials have been inadvertently produced or copied, all such materials (including all copies or summaries thereof) shall be returned to AmWINS within five (5) business days of receipt of such notice.

14. The Parties agree that facsimile and electronic signatures shall have the same force and effect as original signatures. This Confidentiality Agreement may be executed in

separate counterparts, each such counterparts being deemed to be an original instrument, and all such counterparts shall together constitute the same agreement which shall be binging on the Parties hereto.

Dated:   October 11, 2011           /s/  Michael L. Renberg, Counsel for Plaintiff

Dated:   October 3, 2011            /s/   Ryan H. Opgenorth, Counsel for Defendant

### ORDER

Good cause appearing therefore, in that the parties hereto have so stipulated subject to any amendments made by this court, IT IS SO ORDERED

IT IS SO ORDERED.

Dated:   **October 20, 2011**             /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE